Below is an Order of the Court.

TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re ) Case No. 08-35047-tmb13
)
JAMES NELSON STEEN and )
LORI ANNE STEEN, ) MEMORANDUM OPINION
)
Debtors. )
)

This matter came before the court on the Debtors' objection to a proof of claim filed by the Internal Revenue Service ("IRS") and for confirmation of the Debtors' proposed amended Chapter 13 plan. The Debtor was represented by Ted Troutman. The IRS was represented by Kelley Blaine. A hearing was held on March 11, 2009, and I orally ruled at that time.

I have reviewed my notes, the exhibits, and the pleadings and other submissions in the file. I also have read applicable legal authorities, both as cited to me and as located through my own research. I have considered carefully the oral testimony and arguments presented and have read counsel's submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure 52(a), applicable in this contested proceeding under Federal Rule of Bankruptcy Procedure 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

FACTS

Page 1 - MEMORANDUM OPINION

This case was filed after the adoption of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). All code citations refer to the post BAPCPA unless otherwise stated.

The facts in this case are not in dispute. In 2005, the Debtors received an extension of time within which to file their 2004 returns. As a result, those returns were due by August 15, 2005. On July 20, 2007, the Debtors filed a voluntary Chapter 13 petition. That case was dismissed 31 days later on August 20, 2007. The Debtors filed the instant case on September 26, 2008.

On October 10, 2008, the IRS filed a proof of claim in the amount of $25,082.88. It contended that $14,059.78 of this amount was entitled to priority under § 507(a)(8) of the Bankruptcy Code. On November 21, 2008, the Debtors filed an objection to the IRS's proof of claim in which they contended that their 2004 tax liability and interest did not qualify as priority tax debt. Accordingly, they contended, only $3,220.67 of the total tax debt should be treated as a priority claim. On February 11, 2009, the IRS filed an amended proof of claim in which it reduced the total amount of its claim to $24,982.88. The amount it contended was entitled to priority treatment under § 507(a)(8) was reduced to $13,959.78.

## LEGAL ANALYSIS

Priority of tax debts is determined by section 507(a)(8) of the Bankruptcy Code. The relevant portion of this section provides that a tax claim is entitled to priority treatment if it is owed to a governmental unit for a tax on income for a pre-petition tax year for which a return was due within three years of the filing of the petition. The three-year period referred to in this section is generally referred to as the "lookback" period.

In 2005, § 507(a)(8) was amended, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act, by the addition of an unnumbered subsection which provides:

> "An otherwise applicable time period specified in this paragraph shall be suspended for . . . any time during which the stay of proceedings was in effect in a prior case under this title . . . plus 90 days."

The legislative history of the section notes that the unnumbered paragraph was intended to amend § 507(a)(8) to codify the Supreme Court's ruling in Young v. United States, 535 U.S. 43 (2002).

Page 2 - MEMORANDUM OPINION

H. Rept. No. 109-31, Part 1, p. 101 (April 28, 2005).

In Young, the debtors' 1992 return was due - after they obtained an extension of the filing date - on October 15, 1993. The debtors timely filed the return, but failed to pay about $15,000 owing in taxes. On May 1, 1996, within the three-year lookback period, the debtors filed a voluntary chapter 13 petition. On October 23, 1996, after expiration of the three-year lookback period, the debtors moved to dismiss their chapter 13 petition. That motion was granted on March 12, 1997. On the day before that petition was dismissed, the debtors filed a new petition under Chapter 7 of the Code. That case was a no-asset case. The debtors were granted a discharge in that case on June 17, 1997, and the case was closed on September 22, 1997.

After the case was closed the IRS demanded payment of the 1992 tax bill. The debtors responded by reopening their Chapter 7 case and filing a motion for determination that the 1992 tax debt had been discharged. The bankruptcy court sided with the IRS, finding that the three-year lookback provision of section 507(a)(8) "is tolled during the pendency of a prior bankruptcy petition." Id. at 54. The district court and the First Circuit Court of appeals affirmed and the debtors appealed to the Supreme Court. The Supreme Court sided with the IRS, holding that "[t]he three-year lookback period is a limitations period subject to traditional principles of equitable tolling" and that under those principals the three-year lookback period did not run during the time the debtor's were in bankruptcy. Id. at 47.

The IRS contends that the holding of Young, as codified by the amendment to § 507(a)(8), is that if a debtor files for bankruptcy during the three-year lookback period provided for under § 507(a)(8), the lookback period is extended by the number of days the debtor's prior case was pending, plus 90 days. The Debtors disagree. They contend that the holding of Young is not that the lookback period is tolled whenever the IRS is barred by a bankruptcy petition from collecting a tax debt, but rather that traditional principals of equitable tolling apply to collection of tax debts in bankruptcy. Therefore, they argue, this court must look to such traditional principals to determine the extent, if any, to which the lookback period was tolled by their prior bankruptcy filing.

Page 3 - MEMORANDUM OPINION

According to the Debtors, the principals of equitable tolling protect, but do not expand, the rights of a party who is unable to act due to some conduct on the part of his adversary. Therefore, they argue, under a proper reading of the unnumbered paragraph of § 507(a)(8) "if the three year time period had not run when a prior bankruptcy case was filed, then such period would run the later of 90 days after the end of the prior bankruptcy case or the full three year period." (Debtors' Mem. at 4). In other words, according to the Debtors, a tax creditor is only entitled to an extension of the lookback period if that period expires less than 90 days after the stay ceases to be in effect. This reading, they contend, would protect the rights of tax creditors without expanding those rights.

Neither party cited any case law interpreting the unnumbered paragraph. Nor was I able to find any. However, while there is some appeal to the Debtors' argument, I believe it runs afoul of the plain language of the statute.

As noted, the unnumbered paragraph of section 507 specifically states that "[a]n otherwise applicable time period specified in this paragraph shall be suspended for . . . any time during which the stay of proceedings was in effect in a prior case under this title . . . plus 90 days." (emphasis added). This language clearly contemplates that the lookback period shall cease to run during the time that a debtor is in bankruptcy plus 90 days.

The Debtors' argument that the lookback period should not extend beyond the later of the original expiration of that period or 90 days is further uncut by the language of section 108(c) of the Bankruptcy Code. Under section 108(c), if the period for bringing or continuing a civil action against the debtor has not run as of the date of the filing of the petition, "then such period does not expire until the later of— (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under . . . this title . . . with respect to such claim." In other words, a creditor is not entitled to an extension of the time within which to file a civil action against the debtor unless the date on which the period originally expired is less than 30 days after the stay was lifted as to that action. This is exactly the result that the debtors would have me apply

Page 4 - MEMORANDUM OPINION

to the unnumbered paragraph of § 507(a)(8). However, had Congress intended such a result it clearly knew how to word the unnumbered paragraph to accomplish that goal. It did not do so. Rather, it clearly chose to suspend the lookback period provided for in § 507(a)(8) during the time a debtor is in bankruptcy, plus 90 days.

In this case, the lookback period for the Debtors' 2004 return would have expired on August 15, 2008, three years after their return, with extensions, was due. Their prior bankruptcy case was open for a period of 31 days. Thus, under the unnumbered paragraph, the lookback period was extended by an additional 121 days (31 plus 90) and did not expire until on or about December 12, 2008. Since this case was filed before that date, on September 26, 2008, the 2004 tax liability is a priority tax within the meaning of § 507(a)(8).

###

cc: Ted A. Troutman
     Kelley A. Blaine
     Brian D. Lynch

Page 5 - MEMORANDUM OPINION